**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

In re:  WILSON, MARVIN B.          §  Case No. 17-21514
                                   §
                                   §
                                   §
            Debtor(s)

**TRUSTEE'S FINAL REPORT (TFR)**

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under Chapter 7 of the United States Bankruptcy Code was filed on 07/19/2017. The undersigned trustee was appointed on 07/19/2017.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized the gross receipts of        $        12,650.99

    Funds were disbursed in the following amounts:

    Payments made under an
      interim distribution                                          0.00
    Administrative expenses                                         0.00
    Bank service fees                                              50.87
    Other payments to creditors                                     0.00
    Non-estate funds paid to 3rd Parties                            0.00
    Exemptions paid to the debtor                                   0.00
    Other payments to the debtor                                    0.00

    Leaving a balance on hand of[1]       $        12,600.12

The remaining funds are available for distribution.

---

[1]The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing non-governmental claims in this case was 11/27/2017 and the deadline for filing governmental claims was 01/16/2018. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $2,015.10. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $0.00 as interim compensation and now requests the sum of $2,015.10, for a total compensation of $2,015.10[2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $0.00 and now requests reimbursement for expenses of $3.68 for total expenses of $3.68[2].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 01/17/2018                     By: /s/ Richard M. Fogel
                                          Trustee

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. §1320.4(a)(2) applies.

---

[2]If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D)

**UST Form 101-7-TFR (5/1/2011)**

# Form 1
## Individual Estate Property Record and Report
## Asset Cases

Exhibit A
Page: 1

**Case No.:** 17-21514  
**Case Name:** WILSON, MARVIN B.  
**For Period Ending:** 01/17/2018

**Trustee Name:** (330720) Richard M. Fogel  
**Date Filed (f) or Converted (c):** 07/19/2017 (f)  
**§ 341(a) Meeting Date:** 08/21/2017  
**Claims Bar Date:** 11/27/2017

| Ref. # | 1<br>Asset Description<br>(Scheduled And Unscheduled (u) Property) | 2<br>Petition/<br>Unscheduled<br>Values | 3<br>Estimated Net Value<br>(Value Determined By Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | 4<br>Property Formally<br>Abandoned<br>OA=§554(a)<br>abandon. | 5<br>Sale/Funds<br>Received by the<br>Estate | 6<br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |
|---|---|---|---|---|---|---|
| 1 | REAL PROPERTY<br>Single-family home, home purchased 12/18/2016. Entire property value: $175,000.00- NO EQUITY FOR ESTATE | 175,000.00 | 0.00 | | 0.00 | FA |
| 2 | AUTOMOBILES AND OTHER VEHICLES<br>Entire property value: $2,175.00- EXEMPT | 2,175.00 | 0.00 | | 0.00 | FA |
| 3 | HOUSEHOLD GOODS AND FURNISHING<br>Ordinary household goods- INCONSEQUENTIAL VALUE TO ESTATE | 2,500.00 | 1,000.00 | | 0.00 | FA |
| 4 | ELECTRONICS<br>3 tvs and computer- INCONSEQUENTIAL VALUE TO ESTATE | 400.00 | 200.00 | | 0.00 | FA |
| 5 | WEARING APPAREL<br>Ordinary wearing apparel- EXEMPT | 800.00 | 0.00 | | 0.00 | FA |
| 6 | BANK ACCOUNTS<br>Checking account- Chase | 150.00 | 0.00 | | 0.00 | FA |
| 7 | BANK ACCOUNTS<br>Checking and savings: First Financial CU | 450.00 | 0.00 | | 0.00 | FA |
| 8 | PENSION PLANS AND PROFIT SHARING<br>401k: Vanguard- EXEMPT | 102,383.00 | 0.00 | | 0.00 | FA |
| 9 | PENSION PLANS AND PROFIT SHARING<br>IRA: Fidelity Fund- EXEMPT | 13,250.00 | 0.00 | | 0.00 | FA |
| 10 | INTERESTS IN INSURANCE POLICIES<br>American General Life Insurance Co. whole life; CSV $16,188: Chivas Wilson, Janathan Wilson and Frederick Wilson | 16,188.00 | 12,650.99 | | 12,650.99 | FA |
| **10** | **Assets Totals (Excluding unknown values)** | **$313,296.00** | **$13,850.99** | | **$12,650.99** | **$0.00** |

**Major Activities Affecting Case Closing:**

**Current Projected Date Of Final Report (TFR):** 03/30/2018    **Initial Projected Date Of Final Report (TFR):** 03/30/2018

UST Form 101-7-TFR (5/1/2011)

**Form 2**  Exhibit B
Page: 1

## Cash Receipts And Disbursements Record

| Case No.: | 17-21514 | Trustee Name: | Richard M. Fogel (330720) |
|---|---|---|---|
| Case Name: | WILSON, MARVIN B. | Bank Name: | Rabobank, N.A. |
| Taxpayer ID #: | **-***5558 | Account #: | ******0400 Checking |
| For Period Ending: | 01/17/2018 | Blanket Bond (per case limit): | $5,000,000.00 |
| | | Separate Bond (if applicable): | N/A |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Trans. Date | Check or Ref. # | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposit $ | Disbursement $ | Account Balance |
| 10/04/17 | {10} | American General Life Insurance Co | Turnover of non-exempt cash surrender value | 1129-000 | 12,650.99 | | 12,650.99 |
| 10/31/17 | | Rabobank, N.A. | Bank and Technology Services Fees | 2600-000 | | 15.16 | 12,635.83 |
| 11/30/17 | | Rabobank, N.A. | Bank and Technology Services Fees | 2600-000 | | 18.17 | 12,617.66 |
| 12/29/17 | | Rabobank, N.A. | Bank and Technology Services Fees | 2600-000 | | 17.54 | 12,600.12 |
| | | **COLUMN TOTALS** | | | **12,650.99** | **50.87** | **$12,600.12** |
| | | | Less: Bank Transfers/CDs | | 0.00 | 0.00 | |
| | | **Subtotal** | | | **12,650.99** | **50.87** | |
| | | | Less: Payments to Debtors | | | 0.00 | |
| | | **NET Receipts / Disbursements** | | | **$12,650.99** | **$50.87** | |

*{ } Asset Reference(s)*    **UST Form 101-7-TFR (5/1/2011)**    *! - transaction has not been cleared*

**Form 2**

Exhibit B
Page: 2

## Cash Receipts And Disbursements Record

| | | | |
|---|---|---|---|
| **Case No.:** | 17-21514 | **Trustee Name:** | Richard M. Fogel (330720) |
| **Case Name:** | WILSON, MARVIN B. | **Bank Name:** | Rabobank, N.A. |
| **Taxpayer ID #:** | **-***5558 | **Account #:** | ******0400 Checking |
| **For Period Ending:** | 01/17/2018 | **Blanket Bond (per case limit):** | $5,000,000.00 |
| | | **Separate Bond (if applicable):** | N/A |

| TOTAL - ALL ACCOUNTS | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCES |
|---|---|---|---|
| ******0400 Checking | $12,650.99 | $50.87 | $12,600.12 |
| | **$12,650.99** | **$50.87** | **$12,600.12** |

UST Form 101-7-TFR (5/1/2011)

Page: 1

# Exhibit C

## Exhibit C

**Case:** 17-21514                    **MARVIN B. WILSON**

Claims Bar Date: 11/27/17

| Claim No. | Claimant Name/ <Category>, Priority | Claim Type/ Date Filed | Claim Ref | Amount Filed/ Allowed | Paid to Date | Claim Balance |
|---|---|---|---|---|---|---|
| FEE | Richard M. Fogel<br>321 N. Clark St. #800<br>Chicago, IL 60654<br><2100-000 Trustee Compensation><br>, 200 | Administrative<br>10/05/17 | | $2,015.10<br>$2,015.10 | $0.00 | $2,015.10 |
| TE | Richard M. Fogel<br>321 N. Clark St. #800<br>Chicago, IL 60654<br><2200-000 Trustee Expenses><br>, 200 | Administrative<br>01/17/18 | | $3.68<br>$3.68 | $0.00 | $3.68 |
| 1 | PYOD, LLC its successors and assigns as assigneeof Citibank, N.A. Resurgent Capital Services<br>PO Box 19008<br>Greenville, SC 29602<br><7100-000 Section 726(a)(2) General Unsecured Claims><br>, 610 | Unsecured<br>11/15/17 | | $1,413.55<br>$1,413.55 | $0.00 | $1,413.55 |
| 2 | Synchrony Bank<br>c/o PRA Receivables Management<br>PO Box 41021<br>Norfolk, VA 23541<br><7100-000 Section 726(a)(2) General Unsecured Claims><br>, 610 | Unsecured<br>11/22/17 | | $151.18<br>$151.18 | $0.00 | $151.18 |
| 3 | Synchrony Bank<br>c/o PRA Receivables Management<br>PO Box 41021<br>Norfolk, VA 23541<br><7100-000 Section 726(a)(2) General Unsecured Claims><br>, 610 | Unsecured<br>11/22/17 | | $797.31<br>$797.31 | $0.00 | $797.31 |
| 4 | Franklin Credit Management Corp.<br>Bankruptcy Department<br>6 Harrison Street<br>New York, NY 10013<br><7100-000 Section 726(a)(2) General Unsecured Claims><br>, 610 | Unsecured<br>11/27/17 | | $59,105.61<br>$59,105.61 | $0.00 | $59,105.61 |

**UST Form 101-7-TFR (5/1/2011)**

Page: 2

## Exhibit C

## Exhibit C

**Case: 17-21514**     **MARVIN B. WILSON**

Claims Bar Date: 11/27/17

**Case Total:**     **$0.00**     **$63,486.43**

**TRUSTEE'S PROPOSED DISTRIBUTION**

Exhibit D

Case No.: 17-21514
Case Name: MARVIN B. WILSON
Trustee Name: Richard M. Fogel

**Balance on hand:** $ 12,600.12

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|---|
| None | | | | | |

Total to be paid to secured creditors: $ 0.00
Remaining balance: $ 12,600.12

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee, Fees - Richard M. Fogel | 2,015.10 | 0.00 | 2,015.10 |
| Trustee, Expenses - Richard M. Fogel | 3.68 | 0.00 | 3.68 |

Total to be paid for chapter 7 administrative expenses: $ 2,018.78
Remaining balance: $ 10,581.34

Applications for prior chapter fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments | Proposed Payment |
|---|---|---|---|
| None | | | |

Total to be paid for prior chapter administrative expenses: $ 0.00
Remaining balance: $ 10,581.34

**UST Form 101-7-TFR(5/1/2011)**

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| | | None | | |

Total to be paid for priority claims: $ 0.00
Remaining balance: $ 10,581.34

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $61,467.65 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 17.2 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | PYOD, LLC its successors and assigns as assigneeof Citibank, N.A. Resurgent Capital Services | 1,413.55 | 0.00 | 243.34 |
| 2 | Synchrony Bank | 151.18 | 0.00 | 26.02 |
| 3 | Synchrony Bank | 797.31 | 0.00 | 137.25 |
| 4 | Franklin Credit Management Corp. | 59,105.61 | 0.00 | 10,174.73 |

Total to be paid for timely general unsecured claims: $ 10,581.34
Remaining balance: $ 0.00

Tardily filed claims of general (unsecured) creditors totaling $0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| | | None | | |

Total to be paid for tardily filed general unsecured claims: $ 0.00
Remaining balance: $ 0.00

**UST Form 101-7-TFR(5/1/2011)**

    Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent, plus interest (if applicable).

    Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| | | None | | |

|  |  |
|---|---|
| Total to be paid for subordinated claims: | $ 0.00 |
| Remaining balance: | $ 0.00 |

**UST Form 101-7-TFR(5/1/2011)**